IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUNIL GUPTA, M.D., LLC, d/b/a RETINA SPECIALTY INSTITUTE, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 17-0136-KD-N ) |
| WRIGHT B. LAUTEN, | ) ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the Report and Recommendation and Supplemental Memorandum to Report and Recommendation (doc. 24, 25 (sealed)), the objections filed by Defendant Wright B. Lauten (doc. 26 (sealed)), Plaintiff Sunil Gupta, M.D., LLC, d/b/a Retina Specialty Institute's response in opposition to Defendant's objections (doc. 30 (sealed)), and Defendant's reply (doc. 31, sealed). After due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the Report and Recommendations (doc. 24, doc. 25, (sealed)) of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b), and S.D. Ala. GenLR 72(a)(2)(S), is **ADOPTED in part** as the opinion of this Court, as follows:

1). Defendant objected to the recommendation that his motion to dismiss under Federal Rule 12(b)(1) for lack of subject matter jurisdiction should be denied. Defendant acknowledged the Magistrate Judge's finding that a motion to dismiss based upon a forum-selection clause is properly brought under the *forum non conveniens* doctrine instead of a Rule 12(b)(1) motion for lack of subject matter jurisdiction. Defendant concedes that he did not request relief under, or cite to, the *forum non conveniens* doctrine, but asserts that he did address the merits of the factors

that a court must consider when making a *forum non conveniens* decision. Defendant "submits that the Magistrate's recommendation that this Court refuse to treat Dr. Lauten's motion as a request to dismiss for *forum non conveniens*, under these circumstances, risks elevating form over substance." (Doc. 26, p. 15) In support, Defendant notes that the "Magistrate's Report does not identify any binding decision or rule prohibiting a court from treating a particular motion, regardless of how it is titled, as a motion to dismiss for *forum non conveniens*." (Id., n. 6). In other words, Defendant would like for the Court to re-label his motion to match its "substance" and consider his lack of subject matter jurisdiction argument through the lens of a *forum non conveniens* analysis. Defendant continues stating "[t]his is particularly true given that RSI did not even raise *forum non conveniens* in its opposition brief, … rather, the Magistrate made the *forum non conveniens* argument *sua sponte*." (Doc. 26, p. 15) In support, Defendant notes "Courts generally 'cannot concoct or resurrect arguments neither made nor advanced by the parties'" (Id., n.8) (Citation omitted). Thus, Defendant appears to believe that the Magistrate Judge concocted the argument that Defendant had not made a motion to dismiss based on *forum non conveniens*.

Defendant simply did not properly raise the *forum non conveniens* argument in compliance with long-standing law of the Eleventh Circuit Court of Appeals reaching back to at least 1998. (Doc. 24, Report and Recommendation, p. 5-6). Moreover, the Magistrate Judge did not make a *forum non conveniens* <u>argument</u> *sua sponte*. The Magistrate Judge raised no argument at all. Instead, the Magistrate Judge simply pointed out that Defendant had not properly raised his argument. The Court finds no basis to reject the Magistrate Judge's determination. Accordingly, the Magistrate Judge's recommendation that Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) based on lack of subject matter

2

jurisdiction be denied, is **ADOPTED** and the motion is **DENIED.**

However, by separate order, the Court has granted Defendant's motion for leave to file under seal a motion to dismiss for *forum non conveniens* (doc. 27). Thus, the parties will have the opportunity to properly set forth their respective positions, as evidenced in their respective responses to the Report and Recommendation, as to the effect of the choice of forum clause in the Settlement Agreement.

2) The Court declines to adopt the Magistrate Judge's recommendation that Defendant's alternative motion to abstain or stay be denied. Instead, by separate order, the Court has granted Defendant's motion for leave to file under seal a second or renewed motion to abstain (doc. 27). Again, the parties will have the opportunity to properly set forth their respective positions, as evidenced in their respective responses to the Report and Recommendation, as to whether the Court should exercise its discretion and defer to the state court proceedings through abstention.

DONE and ORDERED this the 13th day of November 2017.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
**CHIEF UNITED STATES DISTRICT JUDGE**