IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUNIL GUPTA, M.D., LLC ) | |
| *d/b/a Retina Specialty Institute*, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:17-00136-KD-N |
| ) | |
| WRIGHT B. LAUTEN, ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATIONS

This action is before the Court on the motion to dismiss for *forum non conveniens* (Doc. 34) filed by Defendant Wright B. Lauten. The Court has referred the motion (Doc. 34) to the undersigned Magistrate Judge for entry of a recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b), and S.D. Ala. GenLR 72(a)(2)(S). *See* (Doc. 33 at 1); S.D. Ala. GenLR 72(b); (11/15/2017 electronic referral).

Plaintiff Sunil Gupta, M.D., LLC, d/b/a Retina Specialty Institute ("RSI") has timely filed a response (Doc. 36) in opposition to the motion, and Lauten has timely filed a reply (Doc. 38) to the response.[1] The motion is now under submission (*see* Doc. 33 at 1) and is ripe for disposition. Upon consideration, the undersigned **RECOMMENDS** that Lauten's motion to dismiss for *forum non conveniens* (Doc. 34) be **GRANTED**.

### I.   *Background*

On or about November 23, 2016, Lauten brought a state court action in the

---

[1] The motion and related briefing have been filed under seal pursuant to the Court's second order entered November 14, 2017 (Doc. 33).

Circuit Court of Mobile County, Alabama, Case No. 02-CV-2016-902495 (hereinafter, "the State Court Action"), asserting numerous claims against RSI and its individual members (collectively, the "RSI Group"). In order to fully resolve all claims between them in the State Court Action, on or about January 5, 2017, Lauten and the RSI Group entered into a settlement agreement (hereinafter, "the Settlement Agreement"). Following the execution of the Settlement Agreement, all claims between Lauten and the RSI Group were dismissed with prejudice in the State Court Action on January 18, 2017.  (*See* Doc. 1 at 3, ¶¶ 9 – 11).

RSI initiated the present action by filing a Complaint for Declaratory Judgment (Doc. 1) with the Court. The one-count Complaint, brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, seeks a declaration of Lauten's obligations to RSI under certain provisions of the Settlement Agreement.

## II.   *Analysis*

Lauten argues that this action is due to be dismissed under the doctrine of *forum non conveniens* because the Settlement Agreement contains a forum-selection clause specifying a non-federal forum for any claims based on the terms of the Settlement Agreement.[2]  *See Pappas v. Kerzner Int'l Bahamas Ltd.*, 585 F. App'x 962, 964 (11th Cir. 2014) (per curiam) (unpublished) ("[I]n *Atlantic Marine Construction Co. v. United States District Court*, 571 U.S. ——, 134 S. Ct. 568, 187

---

[2] Lauten devotes several pages of his opening brief to arguing that he has not waived the right to seek dismissal under *forum non conveniens* by failing to raise that doctrine in his initial motion to dismiss under Federal Rule of Civil Procedure 12(b). Arguably, the Chief District Judge already decided that issue by granting Lauten leave to file the instant motion.  (*See* Doc. 33 at 1).  Regardless, RSI has not argued waiver in response to the motion, and the undersigned finds no reason to address the issue *sua sponte*.

L. Ed. 2d 487 (2013),…the Supreme Court declared that a motion to dismiss for *forum non conveniens*, and not a Rule 12(b)(3) motion for improper venue, is the appropriate means to enforce a valid forum-selection clause if that clause requires the dispute to be litigated in a non-federal forum."). To obtain dismissal of a case for *forum non conveniens*, generally "[t]he moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice[,]" and the "defendant has the burden of persuasion as to all elements of a *forum non conviens* motion…" *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001).

However, in *Atlantic Marine*, "the Supreme Court set forth a modified version of the *forum non conveniens* doctrine applicable in cases where there is a valid forum-selection clause in a contract…Under that version, the burden is on the plaintiff to show that dismissal of the complaint is unwarranted…" *Pappas*, 585 F. App'x at 964 (citing *Atlantic Marine*, 134 S. Ct. at 581–83)). In that regard, *Atlantic Marine* held as follows:

> In the typical case not involving a forum-selection clause, a district court considering a [28 U.S.C.] § 1404(a) motion (or a *forum non conveniens* motion)[3] must evaluate both the convenience of the parties

---

[3] The Supreme Court explained that "[s]ection 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer. For the remaining set of cases calling for a nonfederal forum, § 1404(a) has no application, but the residual doctrine of *forum non conveniens* has continuing application in federal courts. And because both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, **courts should evaluate a**

and various public-interest considerations. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." § 1404(a).

The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum. The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system. For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause should be given controlling weight in all but the most exceptional cases. The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways.

First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. Because plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations), we have termed their selection the plaintiff's venue privilege. But when a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its venue privilege before a dispute arises. Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed.

Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for

---

**forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum.**" *Atl. Marine,* 134 S. Ct. at 580 (emphasis added) (citations and quotation omitted).

> their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum...[W]hatever inconvenience the parties would suffer by being forced to litigate in the contractual forum as they agreed to do was clearly foreseeable at the time of contracting.
>
> As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. Although it is conceivable in a particular case that the district court would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause, such cases will not be common.
>
> Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations.

*Atl. Marine*, 134 S. Ct. at 581–82 (footnotes, and most citations and quotations, omitted). Put simply, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause" – or dismiss the case where, as here, the clause specifies a non-federal forum – and "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a)[ or *forum non conveniens*] motion be denied." *Id.* at 581. *See also Cleveland v. Kerzner Int'l Resorts, Inc.*, 657 F. App'x 924, 925 (11th Cir. 2016) (per curiam) (unpublished) ("Where there is a valid forum-selection clause, a district court may deny a motion to dismiss on forum non conveniens grounds only where public-interest factors counsel against dismissal." (citing *Atl. Marine*, 134 S. Ct. at 582)).

> [Courts] often characterize forum-selection clauses as either permissive or mandatory. A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere, whereas a mandatory clause dictates an exclusive forum for litigation under the contract.
>
> …
>
> Mandatory forum-selection clauses are presumptively valid and enforceable absent a strong showing that enforcement would be unfair or unreasonable under the circumstances. A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy.

*Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330-31 (11th Cir. 2011) (citations, quotations, and footnote omitted). *See also Pappas*, 585 F. App'x at 965 ("Forum-selection clauses are 'presumptively valid and enforceable unless the plaintiff makes a "strong showing" that enforcement would be unfair or unreasonable under the circumstances.' " (quoting *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (per curiam))); *Cleveland*, 657 F. App'x at 926 (same). "[T]he party attempting to invalidate a forum-selection clause has a heavy burden of proof." *Xena Invs., Ltd. v. Magnum Fund Mgmt. Ltd.*, 726 F.3d 1278, 1284 (11th Cir. 2013) (citing *Krenkel*, 579 F.3d at 1281).

Lauten argues that the Settlement Agreement provision at issue is a valid, enforceable, and mandatory forum-selection clause. In its response, RSI assumes that the provision is a valid forum-selection clause, and does not contest Lauten's characterization of the clause as mandatory rather than permissive. Considering

the language of the subject provision, the undersigned agrees with Lauten that it is a mandatory forum-selection clause.[4] Thus, it is also "presumptively valid and enforceable," and RSI has not attempted to overcome that presumption.[5]

RSI does, however, argue that the clause does not apply to the dispute in this action. Eleventh Circuit precedent has indicated that a district court should rely on "general contract principles" when interpreting the scope of a forum-selection clause. *Slater*, 634 F.3d at 1330 (applying "general contract principles" from federal decisions even when contract at issue called for application of Virginia law). Under "general contract principles," "[w]hen interpreting a contract, the question is what

---

[4] The clause states that "any" covered dispute "will be resolved by" the chosen forum. Courts have found similar forum-selection clauses using the imperative "will" to be mandatory rather than permissive. *See Emerald Grande, Inc. v. Junkin*, 334 F. App'x 973, 975 (11th Cir. 2009) (per curiam) (unpublished) ("the Circuit and County Courts of the 1st Judicial Circuit, in and for Okaloosa County, Florida ('Okaloosa Courts') will be the venue for any dispute"); *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 922 F. Supp. 1334, 1370 (N.D. Iowa 1996) ("[a]ny dispute or disputes arising between the parties hereunder ... will be determined in the District Court of the United States for the Southern District of Mississippi...."), *aff'd*, 119 F.3d 688 (8th Cir. 1997).

[5] The analysis in *Atlantic Marine* "presuppose[d] a contractually valid forum-selection clause[,]" and thus offered no new take on the issue. 134 S. Ct. at 581 n.5. As the Eleventh Circuit has recently recognized, after *Atlantic Marine*, there is some question as to "whether, in diversity cases, validity is a concept distinct from enforceability; and whether, if so, it is subject to a different source of substantive law." *Wylie v. Kerzner Int'l Bahamas Ltd.*, 706 F. App'x 577, 579 n.2 (11th Cir. 2017) (per curiam) (unpublished). However, the *Wylie* panel did not suggest that *Atlantic Marine* called into question precedent holding that mandatory forum-selection clauses are presumptively valid and enforceable. Because the undersigned finds that the clause at issue is mandatory, and because RSI has not challenged the clause's validity or enforceability, the undersigned need not decide what substantive law would govern the issue of validity in this diversity action (*see* Doc. 24 at 2 – 3 n.3 (explaining that original jurisdiction in this action is based on diversity of citizenship under 28 U.S.C. § 1332(a)(1)).

was the parties' intent, since courts are compelled to give effect to the parties' intentions. To determine this intent, the court must put itself in the position of the parties by considering the instrument itself, its purposes, and the circumstances of its execution and performance. In short, the court looks to the language of the contract and its commercial…context." *Pennzoil Co. v. F.E.R.C.*, 645 F.2d 360, 388 (5th Cir. May 20, 1981) (citations omitted).[6] *Accord Slater*, 634 F.3d at 1330 ("The court must look at the contract as a whole, the parties, and the purpose of the agreement to best determine the intent of the parties in interpreting the agreement." (citing *Pennzoil*, 645 F.2d at 388)); *Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1340 (11th Cir. 2012) ("To determine if a claim falls within the scope of a clause, we look to the language of the clause." (citing *Slater*, 634 F.3d at 1330–31)); *Stiles v. Bankers Healthcare Grp., Inc.*, 637 F. App'x 556, 559 (11th Cir. 2016) (per curiam) (unpublished) ("To determine if a forum-selection clause encompasses a particular type of claim, we look to its language." (citing *Slater*, 634 F.3d at 1330)).

As noted previously, *see supra*, n.5, since *Atlantic Marine* clarified that "a forum-selection clause pointing to a state or foreign forum is [enforced] through the doctrine of *forum non conveniens*," 134 S. Ct. at 580,[7] the Eleventh Circuit has recognized there is uncertainty as to whether federal or state law governs the

---

[6] "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

[7] Under prior Eleventh Circuit precedent, such forum-selection clauses were enforced through motions to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). *See Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1289-90 (11th Cir. 1998).

validity of a forum-selection clause in diversity, noting that prior cases did not answer the question because those cases either assumed validity or were not diversity cases.  *Wylie v. Kerzner Int'l Bahamas Ltd.*, 706 F. App'x 577, 579-80 & n.2 (11th Cir. 2017) (per curiam) (unpublished).   The same could be said of *Slater* and its progeny.  *See Slater*, 634 F.3d at 1328 (plaintiff asserted federal Title VII claim as well as state law claims); *Bahamas Sales Assoc.*, 701 F.3d at 1338 – 39 & n.4 (district court dismissed plaintiff's claim for breach of contract after finding no diversity jurisdiction, retained jurisdiction over federal RICO counterclaim); *Stiles*, 637 F. App'x at 557 (plaintiff asserted federal Truth-in-Lending Act claims in addition to state law claims).

Neither party has specifically addressed or even noted this issue, and both have relied on a mix of federal and Alabama law[8] in arguing the scope of the forum-selection clause.  The Fifth Circuit, adopting the approach of other federal circuit courts, has held that, "[w]hen the 'interpretation' of a forum-selection clause is at issue in a diversity case, [courts] apply the forum state's choice-of-law rules to determine what substantive law governs."  *Barnett v. DynCorp Int'l, L.L.C.*, 831

---

[8] "A federal court sitting in diversity will apply the conflict-of-laws rules of the forum state." *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007).  "Alabama applies the traditional doctrine[] of *lex loci contractus* to contract claims…The doctrine of *lex loci contractus* governs the validity, interpretation, and construction of the contract.  The doctrine states that a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction." *Colonial Life & Acc. Ins. Co. v. Hartford Fire Ins. Co.*, 358 F.3d 1306, 1308 (11th Cir. 2004) (citation and quotation omitted).  The Settlement Agreement contains a choice-of-law provision stating that it "shall be construed in accordance with the laws of the State of Alabama."

F.3d 296, 301 (5th Cir. 2016) (citing *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 770-71 (5th Cir. 2016) (citing *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384–86 (2d Cir. 2007), and *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 430 (10th Cir. 2006))).

For the reasons explained in the separate supplemental memorandum to this Report and Recommendation, which has been filed under seal pursuant to the Court's May 1, 2017 Order (Doc. 13) (hereinafter, "the Supplemental Memorandum"),[9] the undersigned rejects RSI's argument that the forum-selection clause in the Settlement Agreement does not apply to this dispute, regardless of whether it is interpreted under Alabama law or *Slater*'s "general contract principles." Because the forum-selection clause is mandatory, valid, enforceable, and applicable to the claims in this action, the Court need not consider RSI's arguments as to its private interests in the present forum, and instead "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Atl. Marine*, 134 S. Ct. at 582. As for the public-interest factors,[10] for reasons more fully addressed in the Supplemental Memorandum, RSI has fail to demonstrate that

---

[9] The Supplemental Memorandum contains a discussion of court records that have been sealed by order of the Mobile County Circuit Court.

[10] "[P]ublic factors…include: (1) the administrative difficulties stemming from court congestion; (2) the interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action; (4) the avoidance of unnecessary problems of conflict of laws, or the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty." *Kolawole v. Sellers*, 863 F.3d 1361, 1372 (11th Cir. 2017) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). Though generally "[t]he Court must also give some weight to the plaintiffs' choice of forum[,]" "the plaintiff's choice of forum merits no weight" when, as here, a valid forum-selection clause is present. *Atl. Marine*, 134 S. Ct. at 581 & n.6.

this is one of the "unusual cases" where "extraordinary circumstances unrelated to the convenience of the parties" counsel against giving controlling weight to the valid forum-selection clause. *Atl. Marine*, 134 S. Ct. at 581-82. *See also id.* at 582 ("Although it is conceivable in a particular case that the district court would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause, such cases will not be common." (citation and quotation omitted)).

Accordingly, the undersigned finds that Lauten's motion to dismiss for *forum non conveniens* is due to be **GRANTED**. However, for reasons more fully addressed in the Supplemental Memorandum, the undersigned has some concerns whether RSI will be able to successfully bring its claims in this action in the selected forum. Accordingly, the undersigned finds that dismissal of this action should be conditioned upon RSI's ability to move to reinstate this action within a reasonable amount of time if it can demonstrate that it is unable to reassert its claims in the selected forum. *See, e.g.*, *Ford v. Brown*, 319 F.3d 1302, 1310 (11th Cir. 2003) (noting that the court had "approved of conditional dismissals" under *forum non conveniens* (citing *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1430 (11th Cir. 1996)); *Leon*, 251 F.3d at 1316 ("In addition, because of the arguable uncertainty concerning the future interpretation of Law No. 55 in Ecuador, we further modify the dismissal order in this case to provide that any case dismissed pursuant to the District Court's order may be reinstated in the event that jurisdiction to entertain such a case is rejected by a final decision of a court in Ecuador. We note that

conditioning the dismissal does not destroy finality, nor leave the case pending in the District Court." (citation omitted)).

### III. *Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Lauten's motion to dismiss for *forum non conveniens* (Doc. 34) be **GRANTED** and this action **DISMISSED without prejudice**, subject to RSI's ability to move to reinstate this action as described in the Supplemental Memorandum. Should the Court dismiss this action under *forum non conveniens* as recommended, the undersigned further **RECOMMENDS** that Lauten's "Second and/or Renewed Motion to Abstain" (Doc. 35)[11] be **DENIED as moot**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party

---

[11] That motion has also been referred to the undersigned for entry of a recommendation as to the appropriate disposition. *See* (Doc. 33 at 1); S.D. Ala. GenLR 72(b); (11/15/2017 electronic referral).

was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 12th day of January 2018.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**